ROBERT COURTNEY *v*. STATE OF ARKANSAS

5262                                    413 S. W. 2d 643

Opinion delivered April 10, 1967

[Rehearing denied May 8, 1967.]

*L. K. Collier,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

PAUL WARD, Justice. This is a Criminal Procedure Rule No. 1 Case, wherein the trial court revoked a suspended sentence given to appellant, Robert Courtney. The issue arose out of the facts and circumstances presently summarized.

In March of 1956, in Case No. 1337, appellant pleaded guilty to burglary and grand larceny, and was sen-

tenced by the Poinsett County Circuit Court to ten years in the penitentiary. The last six years of the sentence was suspended on good behavior. On March 4, 1963 appellant was charged again, in the same court, with committing burglary and grand larceny to which he pleaded not guilty. On the same day the deputy prosecuting attorney filed a Motion, in the same court, to revoke the six years suspended sentence referred to previously. On March 15, 1963 appellant was tried, convicted and sentenced to twenty one years in the penitentiary, with nine years suspended. On the same day the trial court revoked the six years suspended sentence in Case No. 1337. Appellant was then placed in the penitentiary, no appeal having been taken.

In December, 1965 appellant filed a Motion (in his own handwriting), under Rule No. 1, to vacate the order revoking the six years suspended sentence. In the Motion appellant alleged his constitutional rights had been violated in that he "was not offered an attorney to represent him, nor was he present at the hearing on March 15, 1963, when the sentence was reinstated".

The court denied appellant's Motion, and, on appeal, he relies on the following point:

"The trial Court erred in failing to find that the Defendant was without counsel at the hearing on the petition to revoke the suspended sentence, thereby violating the Defendant's constitutional rights."

Under the record before us, we find no reversible error. Appellant admits he was notified on March 4, 1963 of the Motion filed to revoke the suspended sentence. It is not disputed that appellant was present in court at the time the suspended sentence was revoked, this being immdiately after he was convicted for burglary and grand larceny. At that time he was represented by his attorney, Burk Dabney. Incident to that occasion Attor-

ney Dabney was asked if he was present, and he testified, in part, as follows:

A. "Yes, sir. Present at that time.

Q. "And representing the defendant?

A. "Yes, sir.

Q. "And the Hon. John Mosby did see fit, after the hearing, to revoke the suspension and make it consecutive to the time that the Court saw fit to render in its judgment in No. 1941?

A. "That is correct."

It is true that Attorney Dabney could not recall all the details of exactly what happened two years before, but he did make this statement:

"Mr. Collier, as far as paying me a fee, as far as asking me to represent him, did not. However, I have never yet left a client struggling there without representation. If there was anything to be done with any conviction, then I did what I thought was my duty as an attorney to them, him. I did it in Mr. Courtney's case, although I do not have a clear recollection of it."

Dabney was asked by appellant's attorney about the lapse of time "between the jury's verdict and the hearing on the petition". His answer was: "I don't remember there being...", when appellant's attorney said: "That is all".

In view of the above facts and circumstances we are unwilling to hold appellant "was without counsel at the hearing on the petition to revoke the suspended sentence".

Affirmed.

FOGLEMAN, J. disqualified.